IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SVELUND,<br><br>             Petitioner,<br><br>     vs.<br><br>GARY SWARTHOUT, Warden, California State Prison, Solano,<br><br>             Respondent. | No. 2:11-cv-00713-JKS<br><br>MEMORANDUM DECISION |

John Svelund, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Svelund is currently in the custody of the California Department of Corrections and Community Supervision, incarcerated at the California State Prison, Solano. Respondent has answered, and Svelund has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In December 1987 Svelund was convicted in the Los Angeles County Superior Court of Murder in the Second Degree under California Penal Code § 187(a). The trial court sentenced Svelund to an indeterminate prison term of fifteen years to life. Svelund does not challenge his conviction or sentence in this proceeding.

In August 2008 Svelund was charged in a Rules Violation Report ("RVR") with a violation of prison regulations, to wit: possession of a hypodermic syringe.[1] After a hearing

---

[1] 15 Cal. Code Regs. § 3016(b) "Controlled Substances, Drug Paraphernalia, and Distribution."
    (b) Inmates shall not possess, exchange, manufacture, or have under their control

before a Senior Hearing Officer ("SHO"), Svelund was found guilty and assessed a loss of ninety-one days of good time credit and a reduction in privileges for a period of thirty days. The Warden denied Svelund's Second Level Appeal on November 1, 2009, and Svelund's Director's Level Appeal was denied on February 3, 2010.[2] After he had exhausted his state administrative remedies, Svelund timely filed a petition for habeas relief in the Solano County Superior Court, which denied the petition in an unreported, reasoned decision. The California Court of Appeal summarily denied Svelund's petition for habeas relief without explanation or citation to authority. The California Supreme Court also summarily denied Svelund's petition for habeas relief on November 18, 2010. Svelund timely filed his Petition for relief in this Court on March 3, 2011.

> As recited in the RVR, the facts underlying Svelund's conviction were:
>
> On 08-16-09, at approximately 0845 hours, while assigned as Facility III S & E, I conducted a bunk search of 15-H-2-L, which is currently assigned to Inmate SVELUND (D-74429, 15-H-2-L). It should be noted that before the search, S & I officer J. Whitfield's K-9 alerted to bunk H-2-L. Upon my arrival, I observed Inmate SVELUND sitting on his bunk. I conducted a clothed body search of Inmate SVELUND, with negative results for contraband. While searching Inmate SEVELUND's bunk area I opened a brown paper bag that was on top of Inmate SVELUND's legal mail. The brown paper bag was within arm's reach of SVELUND when I entered the dorm. As searched through the bag I noticed that a blue marker appeared to be altered. I opened the pen and discovered one (1) hypodermic syringe. I took possession of the syringe and continued to search the same bag and discovered two (2) hypodermic needles taped together. I placed the syringes into a Sharps container. While searching under Inmate SVELUND's bunk,

---

any paraphernalia as defined by Health and Safety Code section 11014.5, or device related to the use, injection, or manufacture of any controlled substance, except as specifically authorized by the institution's/facility's health care staff.

[2] Prisoner disciplinary actions are subject to internal administrative review at both the institutional and departmental levels. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2, 3084.7, 3084.9.

I opened up papers that were taped together.  Inside of the papers were two (2) hypodermic syringes.  I took the five (5) hypodermic syringes and placed them in Security and Investigations Locker #17 for further processing.  Inmate SVELUND self-admitted that all five (5) hypodermic syringes belonged to him.  Inmate SVELUND is aware of this report.[3]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Svelund raises a single ground:  the decision of the SHO was not supported by sufficient evidence.  Respondent does not assert any affirmative defense.[4]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7]  Thus, where holdings of the Supreme Court

---

[3] Docket No. 11-1 at 21.

[4] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[5] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412 (alteration added).

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

3

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[9] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[10] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[11] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[12] Because state court judgments of

---

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410).

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[14]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[15] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[16] This Court gives

---

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[14] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[15] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . .").

[16] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state

the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[17]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[18] This is considered as the functional equivalent of the appeal process.[19] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[20] This presumption applies to state-trial courts and appellate courts alike.[21]

---

court explaining the state court's reasoning.").

[17] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[18] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[19] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

[20] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[21] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

## IV.  DISCUSSION

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due to a defendant in such a proceeding does not apply.[22]  In the context of prison disciplinary proceedings, the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in the inmate's defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken;[23] and (4) the findings must be supported by some evidence in the record.[24]  Inmates do not, however, have a right of confrontation and cross-examination.[25]

The applicable constitutional standard by which federal habeas courts are bound in reviewing state prisoner disciplinary findings is whether "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."[26]  This standard does not require that this Court to independently assess the credibility of the witnesses or re-weigh the evidence.[27]  Because a prison disciplinary proceeding "is not comparable to a criminal conviction, . . .  neither the amount of evidence necessary to support such a conviction, . . .  nor any other standard greater than some evidence applies in this context."[28]

---

[22] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[23] *Id.* at 563-66.

[24] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[25] *Wolff*, 418 U.S. at 567.

[26] *Hill*, 472 U.S. at 455-56 (emphasis added).

[27] *Id.* at 455.

[28] *Id.* at 456 (citations omitted).

Even if the state did not follow its own procedure, this does not violate due process, as long as the prisoner is afforded process sufficient to meet the standard in *Wolff*.[29] The sole issue before this Court is whether there was sufficient evidence to support the SHO's finding of guilt. Both the Director's level of review and the Solano County Superior Court found that there was. In denying Svelund's administrative appeal, the Director held:

> **A. FINDINGS:** The Director's Level of Review (DLR) thoroughly reviewed all documents relative to [Svelund's] RVR and finds that the SHO appropriately found the appellant guilty. The DLR notes that the SHO thoroughly articulated the evidence and the weight that was given said evidence. The DLR finds that [Svelund] was afforded all the required due process protections and that time constraints were complied with. The DLR notes that the central point of [Svelund's] defense is that the RE fabricated the RVR and that the syringes were not his. The DLR finds it highly unlikely that the RE fabricated the RVR as he reported that [Svelund] was on his bed and the bag of syringes were within his reach. Additionally, the RE attested that [Svelund] accepted responsibility. The DLR concurs with the SHO that [Svelund] exercised constructive possession over the syringes. [Svelund] was afforded the necessary administrative protections throughout the hearing process, and the findings and disposition are appropriate based upon the evidence. Therefore, no further relief at the DLR is warranted.[30]

The Solano County Superior Court held:

> The decision of the hearing officer is supported by some evidence in the record. (*Superintendent v. Hill* (1985) 472 U.S. 445, 447; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1497.) In this case, the syringes were within [Svelund's] reach, and found both in a paper bag on top of his legal mail and underneath his bunk. This is some evidence of constructive possession. To satisfy procedural due process, there must be "some evidence" in the record to support prison disciplinary decisions that revoke inmate time credits. (*Superintendent,* 472 U.S. at p. 447; *Zepeda,* 141 Cal.App.4th at p. 1497.) In reviewing disciplinary decisions, courts do not examine the entire record, evaluate the credibility of witnesses, or reweigh the evidence. (*Superintendent,* 5 472 U.S. at p. 455.)[31]

---

[29] *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

[30] Docket No. 11-1 at 13.

[31] Docket No. 11-1 at 29-30.

To the extent that Svelund raises issues of the proper application of state law, e.g., the California "preponderance of the evidence" standard versus the constitutional "some evidence" standard, they are beyond the purview of this Court in a federal habeas proceeding.[32] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[33] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[34] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[35] "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[36] The issue before this Court is whether the decision of the SHO satisfied the constitutional standard of evidence—not that of the State of California.

In this case, the record clearly establishes that Svelund received the procedural due process to which he was entitled,[37] and the decision of the SHO was supported by the constitutional some evidence standard.[38] Based upon the record before it, this Court cannot say

---

[32] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

[33] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[34] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

[35] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[36] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

[37] *Wolf*, 418 U.S. at 563-66.

[38] *Hill*, 472 U.S. at 455-56.

that the decision of the Solano County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[39]

## V.  CONCLUSION AND ORDER

Svelund is not entitled to relief on the single ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[40]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[41]

The Clerk of the Court is to enter judgment accordingly.

Dated:  May 9, 2012.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[39] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404-06; *Andrade,* 538 U.S. at 70-75.

[40] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[41] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.